Good morning. Edward Silverman on behalf of the appellant, Floor Seal Technology. In this appeal, there are two principal issues that I would like to discuss this morning. The first has to do with Floor Seal's breach of contract claim, in which the district court granted judgment on the pleadings. The second issue I'd like to discuss deals with Floor Seal's estate law claim for unfair competition, in which the district court declined to rule on the claim on the basis, according to the court, that Floor Seal had waived its right to receive any remedy under the claim. When the case first started falling apart was when the judge said there's no evidence of causation to show that the wrongs that the jury found Sinak committed caused the $225,000 in damage. As I understand it, your brief does not contest that particular determination by the judge. Is that correct? That's correct, Your Honor. We are not challenging the grant of the new trial on that basis. But the grant of the new trial was as to all issues. It was not just as to damages or just as to causation. On the contract claim that's at issue today, the court granted judgment on the pleadings. The issue, as I suspect the court knows, has to do with the court's interpretation of the party's intent in agreeing not to interfere with each other's business. Well, it's more precisely as to what the contract by its terms provides. That's one. Yeah, either way. Well, it isn't. I mean, under California law, if you find ambiguity, you may get into extrinsic evidence about intent, but the primary source is what the contract itself says. Well, yes, but if what the contract says is supposed to reflect the party's intent. Yes, mutual intent. And the primary source of that information is the contract itself. Of course. Right. Counsel, I'm confused about the arguments here. When I look at excerpts of Record Page 11, the settlement agreement and mutual release, it has Paragraph 1 consideration. There are three sentences in the paragraph. Virtually all of the argument has focused on the second sentence, where Floor Seal and Synack agree that each shall refrain from doing things that they're not allowed to do anyway. So that runs you right into that California law. It looks to me like it's an anti-extortion law, that it's an illegal contract for people to agree that they won't do something that they're not allowed to do anyway. I won't throw a brick through your window if you pay me $100 a week. It's an illegal contract under California law because I'm not allowed to throw a brick through your window. However, it looks to me as though the first sentence and the third sentence are different. The first sentence has an agreement to file mutual requests for entry of dismissal with prejudice of the complaint and cross-complaint. And the third sentence has an agreement to create an atmosphere of endeavoring in good faith to prevent bad things from occurring. And neither of those is a promise to refrain from doing something illegal. People are perfectly free to go on with lawsuits, and they're perfectly free to create a nasty, unpleasant atmosphere. I don't understand why all the argument in the case is on the second sentence instead of the first and third. Could you enlighten me? I can only enlighten you to the extent that's the basis of the district court's decision. The district court said that by agreeing not to interfere in each other's business, that agreement is also in violation of what the court described as an anti-extortion policy. It's Floor Seal's view that, you know, especially in light of the other sentences, that they should not be precluded from presenting evidence of the breach, causation, and damages. Let me focus my question a little more clearly. I thought the judge was probably right that the second sentence doesn't have any promises except to refrain from doing things that are illegal anyway. I thought that, and I didn't find your brief that persuasive, that he was wrong on that. But I couldn't understand why the case wasn't all about the first and third sentences and just saying, put in context, that second sentence is part of the agreement. It's not the whole of the agreement. And if you look at the whole of the agreement, it's legal. I understand. There is no claim that SINAC or either of the parties did not dismiss the then-pending action. So the first sentence, there's no claim that SINAC. No, you're not getting what I'm getting at. What I'm getting at is, suppose we go back in conference and I say it's a legal agreement because there's no obligation to file dismissals of lawsuits and there's no obligation to create good faith atmospheres. So it's a legal agreement. It's not just to refrain from illegal things. And then my colleagues say to me, but that's not in the blue brief. We can't reverse on that basis. It's not in the complaint, probably. That's not what his colleague would say. I think his colleague would say, well, the only claim made of a breach of the contract was that that second sentence was breached. So that's the only thing at issue, right, as far as the breach of contract is concerned. That is what is at issue. You make no claim that the first sentence was breached or the third sentence was breached. Understand this is hypothetical because we haven't confirmed. So that's a breach of contract claim claiming only that the second sentence was breached. That's correct. That's all that's at issue. That is the way the complaint currently is alleged. But one of our arguments, one of our principal arguments, in addition to the fact that the court did not construe the complaint properly as a matter of law, our other argument is floor seal should have been given leave to amend. Well, did you make a proffer as to what you could possibly amend? Well, your complaint is specific as to the nature of what you're complaining about. It falls squarely under the conduct that's prescribed by the second sentence. So now you're going to allege something that comes under the third sentence? The proffer that was made and that's. I thought your proffer had to do with trying to give a different meaning to the word interfere. Yes, it had to be. That was the principal part. There were two items that were proffered. One is the party's intent, not just floor seal's intent, but the party's intent. And secondly, that the agreement was drafted by Sinex. And that was the offer that was made, supplemental excerpts of record 27 and further excerpts. Well, your remedy in that case, if there was a mistake in the part, may be to rescind the agreement, unwind and go back and unwind the settlement. But just because two parties sit down and agree to an illegal contract, you know, that doesn't get you a pass under California law. The contract's illegal and unenforceable. It's a matter of public policy. We have no challenge to that. So I'm still trying to understand then what would your amendment be that's relevant to the claims you're making here? You'd have to bring it under the non-illegal part of the contract if you lose on the second sentence. No, the parties agree or each party acknowledges the right of the other to be freely and fairly compete in an atmosphere which is to be undisturbed by any wrongful activity. Wrongful activity does not necessarily mean illegal. I know, but what you pled, the activity that you pled isn't just sort of, you know, being rude and nasty. It was doing specific things and you're advertising another, and they're advertising other things that fall under the enumerated types of illegal activity. Isn't that correct? In part. There are allegations that could also fall within the claim of interference. So what would that be? Just give us an example of what you're pleading would say that they did as the breach. SINAC went and talked to a customer or a potential customer, either one, of Floor Seal and told that customer or potential customer not to do business with Floor Seal. SINAC could have gone to. And that's contractually illegal? That's an example of interference which is arguably lawful. It's not a tort. Well, it sure isn't. And, in fact, isn't there a right to freely compete? Yes, but that is what we contend the parties gave as consideration for the settlement agreement. Not to compete. We will agree not to have any interference at all. Which means you can't go talk to the competitor and say, we know you're doing business with these guys, but we're better. We've got better employees. We've got better experience. You should come to us, and we'll actually give you a price discount if you do. But under this contract, that would be illegal? Yes. A breach of contract, even though that's contrary to California law of unfair competition. Isn't that division of the horizontal division amongst competitors of customers? I don't know that that's beyond, I believe, what's in this record. It may be, but is the law. And I think we can take judicial notice of the antitrust laws under the Cartwright Act of California. But we don't have to decide today whether it would be illegal on some other basis. I'm sorry. We don't have to decide in this case whether that provision would be illegal for some other reason. Absolutely. Florcille should have been given the opportunity to make those allegations by way of an amendment. And then if SINAC wants to come back in, either under Rule 12C or under Rule 56, then Florcille has to put his evidence forward and proceed. I guess this interference kind of flips things. Your problem with the illegal contract is it's a contract to refrain from things that you can't do anyway. But your interference agreement is a contract to refrain from things that both parties are allowed to do and are entitled to and that you're not allowed to agree to refrain from. It's kind of the opposite of saying I won't throw a brick through your window. It's more like saying I won't tell any of your customers that I charge less than you do. As I say, I'm not aware of the extent of what a commercial entity cannot do in terms of what is otherwise lawful interference. Well, that's why I asked what you proffered, because what you're coming up with on its face violates California law. So maybe we don't have to go beside that, but you'd have to come up with something that you could represent to us would be permissible under California law, and you don't seem to know what California law says about commercial entities getting together and dividing customers and fixing prices and doing that kind of thing. Well, I do have some idea, and I understand the Court's comment, but I do think there are situations in which the parties can agree not to lawfully interfere. Well, that may be, counsel, but we're not talking hypothetically. Your client wants the ability to come into court and prove an existing claim, not a theoretical claim, but an existing claim about what it wanted the other side not to be able to do, and all you've come up with is a hypothetical about talking to the customers and saying, don't do business with our competitor. Or misrepresenting facts having to do with. Misrepresenting is different, because you can't misrepresent anyway, and that's the problem of illegality of the contract. What would flip it in your favor is that the interference part of the agreement is not an agreement to refrain from illegal acts. Rather, it's an agreement to refrain from otherwise legal acts. That is our position, and I apologize if that was not clear. We discussed the Korea supply case, which the California Supreme Court differentiated between legal interference. Some kinds of interference are legal. Some are illegal. Yes. And what we wanted to do was the opportunity to allege the breach of the agreement by which SINAC committed acts of what would otherwise be lawful interference. Well, I'm like Judge Fisher. I have a hard time thinking to myself of a legal act of interference that could be prohibited by a private agreement. That wouldn't be illegal under some other law. But you only have five minutes left. I'm more interested, frankly, I'm more interested in your other claim about the court, you know, refusing to consider your claim for equitable relief. That's one of your other claims, right? That's correct. And I just don't understand the district court or the court's reasoning in coming to that conclusion. Take us through that. Why don't you come in? I don't understand either. But what happened was, at the end, the jury came back. And the jury found against Floor Seal on the Lanham Act claim. And at that point, the judge discharged the jury and asked counsel to prepare pleadings related to the equitable claims and gave them a motion date and so on. The Floor Seal submitted its motion, requested injunctive relief under the Lanham Act, and requested all of the available relief under the state unfair competition law claims. Consistent with every filing that Floor Seal ever submitted, Floor Seal requested a ruling on the equitable state law. So the court said what, that you'd waived it? Yes. And that was based on what, the waiver? As I understand it, it's the Seventh Circuit's Pillay case. And in Pillay, the appellant failed to submit an interrogatory related to a special verdict. And the Seventh Circuit said that amounts to a waiver of the party's right to obtain a ruling. The difference in Pillay and our case, though, is in Pillay, that was a legal claim. In fact, on appeal, the appellant's argument is, I have a constitutional right to a jury trial on my claim for money damages. And the Court of Appeals said, well, you may have had that right, but you didn't submit an interrogatory in 49A. You've waived it. In our case, we don't have that. The two claims that are at issue are both exclusively legal, excuse me, exclusively equitable under state law. And as I say, consistent with every filing that Flore-Seal submitted, Flore-Seal requested, expected, and anticipated a ruling from the court. The pretrial memo of contention of law and fact that Flore-Seal submitted indicated there were equitable issues for the court under the state law claim. Importantly, the pretrial order, and that's excerpts of record, page 195. Pretrial order, the court acknowledged that one of the issues to be tried was, quote, whether Flore-Seal technology is entitled to equitable relief from the court, close quote. The trial brief was consistent. Flore-Seal said there were equitable claims to be tried by the court. And also, Sinek did submit a proposed jury instruction that arguably went to the state law claims, state unfair competition law claims. Flore-Seal objected, in part stating these are equitable claims and there's no entitlement to a jury. And despite the consistent position taken by Flore-Seal throughout the case, the district court, in our view, inexplicably declined to conduct the bench trial. And that's the court's fault. Kennedy. The district judge also said something about the fact that, which I can't quite make out, that you neglected to submit some kind of instructions on some issues. Is that right? That's correct. And I don't understand. What issue is that? The state unfair competition law. The court went over jury instructions and then, I believe, made a statement, if there's anything else the parties want, please submit an instruction. I don't understand the way you would need a jury instruction on a claim that's going to be tried to the court. Your Honor understands our position perfectly. He doesn't. The ruling doesn't explain that. All right. So anyway. What was the legal predicate for your unfair trade act practices? The jury found against you on the Lanham Act. So what else were you predicating injunctive relief on? The breach of contract. Well, but the court has now found that the district court found that to be an illegal contract. So what would be the basis for injunctive relief? There is also a claim of the breach of what we refer to as the confidentiality provision. Certain terms were supposed to be kept confidential. No. Well, but the very reason you don't need a contract to prohibit somebody from doing something the law already prohibits is that you can bring a claim on the law itself, which is what you're doing. You're bringing a claim on the unfair practices act for injunctive relief. Right. Yes. And you can sort of look at that as being in lieu of the contract claim. Yes. Because the judge said you don't have a contract claim. We don't have a contract claim. That's what he said. In regard to the interference agreement under paragraph one, at this stage of the proceedings and on this record, respectfully, I don't believe this court can look at the evidence at the trial and say there is or is not evidence of a predicate claim. That's something for the district court to determine in the first instance. Just so I understand, I'm perfectly willing to try and understand. I am trying to understand the position. The jury got the Lanham Act claim, right? Yes. And it ruled against you on that. Yes. Okay. So you are not seeking under your unfair trade act claim relief in any sense under the Lanham Act. That's out. Absolutely correct. Okay. So now you're saying, okay, now the facts that we put in to show breach of contract, which the court says you have no legal theory, even if those acts occurred under the contract, you're now saying under California law entitle you to injunctive relief. Yes. Not damages, but injunctive relief. You want to stop them from doing what you had hoped was a breach of contract, but because it isn't, at least under California Trade Act law, you're entitled to get a bench trial on whether any of those violate the law. Yes. Okay. I have not gone over. May I have a minute to rebut or shall I sum up? I think we'll allow one minute. Thank you. Good morning. May it please the Court. Robert Traylor on behalf of SINAC Corporation. I, too, would like to argue the issues that Mr. Silverman set forth, the breach of contract issue and the equitable claim issue. Let me take those in reverse orders and try to respond to some of the issues that were raised here. With respect to the equitable remedies issue, there's three bases on which this Court can affirm the district court. There's been a waiver. The evidence does not support application of equitable remedies. But wait a minute. It doesn't support. He hasn't had a trial on it yet. Your Honor, I think the critical document which I'd ask you to look at is the pretrial order, the same one he referred you to. And I'd turn you to ER 194 in section Roman numeral 9 that says, The following issues of law remain to be litigated upon trial. And it goes through a number of points. And 23 through 25 expressly reference that the UCL claims, the unfair competition claims, will be tried as issues of law before this jury. How can you try an equitable claim to a jury? You can certainly try the facts of an equitable claim to a jury and then come to the court afterwards and say, I believe those facts which were reduced before. Well, was that what was done here? That was certainly done here. And if I could go on a little bit, on page ER 197, it says, This case shall be tried to a jury. The trial of this case shall not be bifurcated. When the Court got the special verdict, it immediately set a briefing schedule to consider the equitable remedies. There is no evidence in this record that this plaintiff, the appellant here, ever moved for a bench trial. The claims that they wanted a bench trial simply are not supported in the record. In a divorce case, you don't move for a bench trial, but it's what you get because it's equitable. How would you have to move for one? Did you move for a jury trial? I think at least you have to inform the Court. Did you move for a jury trial? Did they move for a jury trial? No. I don't know the answer to that question. Of course not. You have to file a request for a jury trial if it's a common law claim where you're entitled to one. Correct. So the evidence here shows that this plaintiff only wanted their case tried before the jury with no bifurcation of issues. So a subsequent bench trial was not on the offing. There's no evidence. Wait a minute. If husband and wife can't get along and wife sues husband, count one, breach of contract. You've made a contract with me to pay me $1,000 a month and you haven't been paying  me $1,000. Count two, divorce. Count one is a common law claim, goes to a jury. Count two is an equitable claim, goes to the Court. Nobody has to say anything or demand anything except that the wife has to file or the husband a request for jury trial on count one. If they do, it goes to a jury and count two doesn't because divorce is equitable. What am I missing? It seems like this is just like that hypo. Well, I think the judge clearly set a briefing schedule following the jury trial saying I'm willing to hear your briefs on why the evidence induced in that trial support remedies. But this order, you know, has only to do with, you know, not because the evidence was insufficient or anything like that. It just has to do with waiver because of failure to submit, you know, proposed jury instructions and that kind of business, which I don't understand how that could apply to an equitable claim. Right. I think this is really a larger fundamental issue here, which is the plaintiff in a case is the master of their case. Well, tell me this. In your view, what was the reason the district court gave for denying Floor Seal's post-trial motion for equitable relief? What reason did the district court give? It did so on two grounds, Your Honor. With respect to the equitable remedies under the Lanham Act, the district court decided it was going to be laws and said, I'm not going to disregard the jury verdict on the Lanham Act and, therefore, award equitable remedies. And it did cite to Pallay and said, I find that you have waived those. On the basic principle, I think that that's a mistake, isn't it? Because that clearly was, you know, involved a failure to, you know, properly submit the Special Enrollment Ordinatories on a legal claim that should go to the jury. There's no requirement to submit a jury instruction on an equitable claim, which this order seems to imply there is. Well, I agree with you that there is no duty to do so. But here we have evidence to the record. I'd point you to ER 80 and as well as the Court's suggestion that they do submit jury instructions at least to get an advisory jury. This Court was clearly said. Well, but he said, he clearly said, he said, well, if you want these things to go to the jury, he didn't say you have to do it. I agree there is no explicit order in this case. Well, then, so if you don't do it, how can you be penalized for not doing it if you don't have to? Because the duty of a plaintiff is to adduce facts to support their case. In the trial phase of this case, before the jury ---- Well, let's take my hypo. Okay. Somebody demanded a jury, the husband or the wife, and they have a jury on the contract claim. In order to get a divorce, one of the other of them has to show incompatibility of temperament. Neither of them puts on an iota of evidence, not a scintilla of evidence, about incompatibility of temperament. Waiver? Neither of them submits an instruction asking the jury whether there's an incompatibility of temperament. Waiver? I can't see it. It's not in the jury's business. I would agree with you. There would be no waiver. But on the facts of this case, if you take that hypothetical a little further  The judge could, if he wished, I suppose, impanel an advisory jury in an equitable case in the exercise of his discretion and say, I'm going to ask the jury some questions and the answers will not bind me, but I'd kind of like to know if there's an incompatibility of temperament. What does the jury think? But the larger point is that if the plaintiff doesn't say, I want a two-phase trial, I want a jury trial on my legal claims and I want a bench trial on my equitable claims, and indicates instead to the Court that I'm going to try everything in a unbifurcated manner. Right here. The trial of this case shall not be bifurcated. So I'm going to put down all my evidence in that one phase, and subsequently I'll come back to you and say, based on that evidence I adduced in that trial, I want you to consider remedies. That plaintiff then has a duty to at least adduce evidence that would support those remedies. And there is nothing in this record. As the Court observed on ER 215, it appears the plaintiff Wait. The remedies he wants are in the nature of an injunction, and you never ask a jury about an injunction. True. Except where a statute expressly provides. But if you only have one chance to adduce evidence of something, then you would think in that case you might adduce evidence of ongoing conduct or threatened conduct, which then you would take to the Court afterwards, because you've said, I don't want a bench trial. That was at the basis of the district court's ruling. He didn't say on the State law claims, you know, the evidence is insufficient to support equitable relief. He didn't say that, did he? I think he did say that. Well, show me where. I think on ER 215. ER 215. Okay. There's a line here starting, it's a half line, line 18. It says, it appears that Floor Seal may have focused its effort at trials solely on the Lanham Act claim. We also know that vis-à-vis the breach of contract claim, there was no evidence of causation put on. So all the Court had before it was the Lanham Act evidence. So when the plaintiff appellant came to it and said, please give me an equitable remedies under the UCL, it said, what evidence? You don't have any. You did not present me any evidence. But he didn't say that. He didn't say that. I think the record is quite clear that there was no evidence at all. I still don't see it. I don't see it in 215. 215 looks like where he's saying there wasn't any evidence that they lost the $225,000 because of the breach of contract. I agree in that context. But what he's saying, he's observing at this point in the record. That's what he's talking about. I agree. But that sentence says, you put on a Lanham Act case, plaintiff. That's all the evidence I have in front of me. So that's all you can depend on for a finding from which to imply that the district is guilty. That's all you have. Well, I think I'd point you to some other places in the record. Answer my question, yes or no. I'm going to answer yes, I do have more. Look at Floor Seal's proposed findings of fact and conclusions of law, for instance, which are at ER 104 at SEC. Those are really sort of what I'd call cut and paste jobs. Wait a minute. ER 104? I need to grab over here. That's following the jury portion of the trial, right? Right. So what happened is Floor Seal submitted proposed findings of fact. Sure. Why would they have anything about the equitable part that has not been tried to the jury? Because at this point in time, they are seeking from the judge a finding on their equitable remedy. But that's just like my hypo where they didn't present a scintilla of evidence on incompatibility of temperament because that's equitable and you can't. But my point with respect to your hypo is at some point in time, the plaintiff would be obligated to present some evidence. Yeah, to the judge in an equitable trial following the legal trial. Correct. But in your hypo, you would expect the plaintiff to say, okay, Your Honor, when do we get to present our evidence on equitable issues? And in this case, the record is pretty clear that Floor Seal made no effort to do that. It went along with the schedule where it agreed that all the trial evidence would be adduced before the jury, and after that, they'd have some motion practice with respect to equitable remedies. That's what this record establishes. And I think the district court basically got it right when it said, you've got to give me something. If you want equitable remedies from me, you adduced a case based on the Lanham Act. There's nothing here on which I'm not going to give you remedies on the Lanham Act on equitable remedies. And you haven't shown me anything else. All you do is cut and paste facts that went to the Lanham Act to the UCL remedies. And you haven't given me anything. And that's, I think, the larger proposition here that the district court should be affirmed on, that there is a waiver when you just simply do not put any evidence in. You make your bed. You make trial tactical decisions about how you're going to try your case. Clearly, they made decisions. For instance, with the breach of contract case, they simply didn't put on the evidence of causation. They were hoping to try their Lanham Act case and win that case. Everything else was derivative. Again, the UCL is essentially a borrowing statute. It appears to me that they tried to piggyback their Lanham Act, and that's what the record fully reflects, piggybacking off their Lanham Act claim, which was rejected. Now, let me ask you about something else. I think we may come back to this equitable issue. Let me ask you a little bit about the interference. When I look at the argument is there can't be a breach of contract remedy because it was an illegal contract. The reason it's an illegal contract is it was a contract to refrain from doing things that the law already required the parties to refrain from doing. California statutes say that that's an illegal contract. In so doing, they codify the common law. The common law to the same effect is to prevent extortionate contracts. I won't throw a brick through your window if you pay me $100 a week. And also the combat illusory contracts. However, it's not the whole contract. Leaving aside for the moment, and I'll come back to it, the interference language, the contract has these three sentences. Virtually all of the consent decrees that I see, whenever we see a consent decree, much of the consent decree consists of promises to refrain from illegal acts. By themselves, they'd be meaningless. But when I look at this promise, the promise as a whole is supported by consideration. One is the promise to file request for entry of dismissal, and the other is the promise to create an atmosphere, an endeavor, and good faith. So taken together, there is consideration. It's just that if I take that sentence out of context all by itself and for the moment ignore the interference words, that there's no consideration. Why isn't that sufficient to make the judge's ruling erroneous? There is sufficient consideration for this contract, but I believe Judge Tashima had it correct earlier on. They moved for a breach of contract claim not as to the contract generally, but as to that sentence, that second sentence. Not any other portion of this. And that consideration is illegal and thus unenforceable. It's the breach of contract claim that ties back into here. We're not talking about the consideration on one. I frankly would argue that two also speaks to a dichotomy. The wrongful activity speaks to those six things. They're in the same paragraph. I think they're tied in together here. But I really don't think the issue is number one. They're all tied in as part of the consideration. Correct. Okay. Now let's – that's your answer on that. Now let's talk about interference. There are some kinds of interference with trade that are illegal, some that are illegal. For example, a medical clinic that hires a doctor will often enter into a covenant not to compete. Sometimes it – or, well, a car dealer that hires a salesman is likely to have a covenant not to compete. These are restrained by the law, but not entirely illegal. With adequate boundaries, they're legal. Likewise, when somebody sells a business to somebody else, there's typically a covenant not to compete and a covenant not to interfere with the buyer's business. Sometimes they're too broad and they're illegal as a matter of public policy. Sometimes they're not too broad and they're legal. To the extent that it's legal, that means that there is legal consideration to support even the second sentence. Why is that not so? Well, two answers. One, the two examples you gave have statutory exceptions under California Law, Business Professions Code 16600, I believe, and 16601. So those are pulled out as a matter of statutory language. There are a lot of squibs under the whole statute about what constitutes illegal interference. Some things do, some don't. And your adversary never got a chance to amend and present proof that they had some illegal interference that they could sue on under California law. The response is there. I think they're improperly pulling interference out and abstractly considering it, which is improper under the rules of construction. As Judge Fischer was looking, you can look to the outward manifestations of these, of this contract. It's clearly a string of six actual courts. With respect to their motion for leave to amend, look at how they move through it. I have real trouble with that. You're saying I should take the sentence out of context and not consider it along with the sentences about atmosphere and filing mutual motion request for dismissal. But I should keep the word in context, and since the others are agreements to refrain from illegal acts, I should treat this as an agreement to refrain from an illegal act, too. I think you look to the words of the contract, the outward manifestations, and you also can look to how Floor Steel used those words in its own litigation between the district court observed. And also just look at their motion for a new trial brief. At the very end of this case, they're still using interference in a tortious sense. This plaintiff didn't know anything but to use interference in a tortious sense. It didn't mean interfere in an abstract manner. And the other point is, if you take interfere abstractly, if that's the reading you want to do, I think it becomes anything and thus becomes nothing. It's so vague as to be unenforceable. If you look at their motion for leave to amend, just jumping to that point, they clearly, again, were seeking only for leave to amend. My thinking is that the vagueness means we're not just promising not to interfere in the ways that would be against the law anyway. We're promising not to interfere at all. And that would be illegal or vague. It may or may not be. Mr. B. Soldinger says you may not restrict bids. We know that is the case law in California. So the extent that we're just going to promise not to interfere in random, various, unexplained and unknown ways, that would be either overly vague and thus also have no assurance. I don't know. Neither side has briefed all the complexities of California law on what kinds of interference are prohibited and what are permitted. I don't think that briefing actually is necessary in the light of the outward manifestations of this party and the rules of construction of a contract, which is you look to the intent of the party. In California under 1639, I believe, you do it according to the written contract. Writing is the sole guide here. So I think that the briefing does tackle exactly what this meant according to these parties. And their efforts to introduce extrinsic evidence was extrinsic evidence of an unexpressed subjective intent. And it was considered by this judge. They heard, well, it was drafted by counsel. And this district court judge said, no, I've looked at the advice of counsel clause. That defeats your argument. So I've considered that extrinsic evidence. I think that this has a technical meaning or it has a meaning that's been used by the parties. And therefore, I reject. I'm not going to admit those arguments. Just circling, I know my time is short here. So I want to circle back, if I may, to the equitable remedies because we focused a lot of them on the waiver issue. This court obviously has the power to affirm the district court on any grounds. And I think there are three bases, as I said. I think you can look at the basic principle that you have to induce evidence and show the different district court how that evidence applies to the remedies you seek. I don't think that's here. I think the evidence is pretty clear that they never did that. More fundamentally, I think that it's almost a moot issue given that they sought only two types of equitable remedies, non-restitutionary disgorgement, which we know as under Korea supply is illegal. You may not seek that. It's improper. It cannot be granted. And they also sought that injunctive relief. And there is no evidence in this record whatsoever that there was any ongoing or threatened conduct. This tortuous, alleged tortuous activity, a trial, all happened a long time ago. Floresville comes back in their reply brief and says, well, we don't even have to give you that evidence. Well, I frankly think that's an admission that they don't have any evidence. So I think on that ground alone, this district court, who obviously worked very hard to get this right, who could have under 49A, just said no. I don't really see where that means anything. I mean, what their case was, was you made you put stuff on the Internet and called their customers and told them floor sealer, a bunch of cheats and crooks, and to the extent their product is any good, it's Synax product. Then let's say the last time that happened was five years ago and you've been litigating ever since. But then you win. You win the lawsuit. Synax executives might well take that as a lesson. Hey, we can do that stuff. Let's start doing it again. And they want an injunction to say, no, don't do it anymore. Because the standard of law, Your Honor, under the UCL remedies, ECLO remedies, is threatened or ongoing conduct. So that's what they never got a chance to prove, that it was threatened. They never put on any evidence to prove that it was threatened. But they never got their equitable trial where they would. Well, they certainly got every opportunity. In a breach of contract case, you don't put on evidence about what may happen in the future. In a Lanham Act case where you're searching for ECLO remedies, you do put on that material. You do put on that evidence. And they chose not to do a nine-day jury trial. They chose not to do so. It's their bed. They made tactical decisions. I think that this Court should affirm the district court on the basis that they have to live with those tactical decisions. Thank you, counsel. Thank you. Thank you. Good morning again. As far as the waiver issue goes, I believe the Court fully understands Floor Seal's position. And unless the Court has any questions on the waiver, I'll go back to the breach of contract. As to the breach of contract claim, I also believe, at least Judge Kleinfeld, understands Floor Seal's position. And that is, if the district court is going to say that the five or six listed items amount to illegal consideration, then the Court should have given Floor Seal leave to amend to, if you will, include the rest of the consideration. There are two other sentences in that paragraph, and especially the third one would support a claim for breach of contract. Finally, with regard to the rules of construction that SINAC relies on, I wish to remind the Court of, if you will, the more important and applicable rules of construction. Under California law, Civil Code Section 1643, a goal of contract interpretation is to make the contract lawful, operable, and capable of being performed. Civil Code Section 3541, the Court should interpret a contract in order to give it effect, not to make it void. Counsel, we've gone over your limit here. Thank you. Inconclusively, did you have a question? I have a question for the lawyers on both sides. And as you know, we do not confer beforehand, so this is just me asking this. I have no idea what my colleagues think. I may be all wet, too, because I don't know the industry of floor sealing technology, but it looked to me from the record as though the litigation expense in this case most likely exceeded the potential profitability of the transactions that might be prevented or might be engaged in. It looked like the litigation expense was probably disproportionate to the potential profitability. And where that's so, often mediation is useful. Would it be useful for us to withdraw the case from submission for a period of time so that you could consult with your clients and determine whether they wish to attempt mediation of this dispute? Particularly if you do get a remand for anything, the checks are going to have to keep coming. That's fine. Floor seals representative is here in the courtroom and has heard the court's comments. If we could just have a day to discuss it, I'd be glad to respond by letter. I know you'll have to talk with your clients. It's just the material is so complex that it must cost a lot of money to litigate. I, too, would have to consult with, obviously, the principal of SINAC and also trial lawyers. Any objection if we do something like that? If we could have a time certain by which to submit a letter and if those letters are Ten days to write a letter. Ten days? Thirty days? Is ten days enough or do you need thirty? I think ten days would be fine. Okay. I'll sit around waiting on this. Thank you, counsel. Thank you both. Floor seal versus SINAC is submitted. We're adjourned until 9 a.m.
judges: Kleinfeld, Tashima, Fisher